IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD JOHN NOLAN,

    Plaintiff,

vs.                              Civ. No. 98-374 BB/LCS

PABLO SEDILLO, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Defendants Henry Valdez[1], Sand, Rasmussen, Perez, and Encinias' Motions to Dismiss, filed June 22, 1998. Defendant Valdez is a district attorney, Defendants Sand and Rasmussen are assistant district attorneys, and Defendants Perez and Encinias are both state district judges. The Court assumes that the Plaintiff is suing these Defendants in their official and individual capacities. These Defendants base their Motions to Dismiss on Eleventh Amendment immunity, prosecutorial immunity, and judicial immunity. The Plaintiff responded to the Motions to Dismiss on July 21, 1998 by filing a Motion by Plaintiff for Partial Summary Judgment. In his response, the Plaintiff asks the Court to consider his attachments, order lie detector tests, and order production of records. The Court will consider the Plaintiff's attachments but will not order the requested discovery at this time. The Plaintiff is

---

[1] This is a 42 U.S.C. §1983 civil rights suit seeking money damages. Plaintiff names other Defendants in the Amended Complaint but has not served them, including a Pat Valdez. When I refer to Defendant Valdez in these proposed findings and recommended disposition, I am referring to Henry Valdez.

1

advised to follow the Rules of Federal Civil Procedure in seeking discovery.

A.  Eleventh Amendment Immunity and Suing State Officials in Their Official Capacities

2.  "The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." **Bishop v. Doe**, 902 F.2d 809, 810 (10th Cir.) (citations omitted), **cert. denied**, 498 U.S. 873 (1990). This bar can be overcome in one of three ways: (1) Congress can abrogate Eleventh Amendment immunity by clearly expressing its intent to do so in the relevant statute; (2) the state can waive its immunity; or (3) the action can be brought against individual state actors seeking prospective injunctive relief to prevent a violation of federal law as enunciated in **Ex parte Young**, 209 U.S. 123 (1908), and its progeny.  In the case of §1983 civil rights litigation, Congress has not abrogated Eleventh Amendment immunity.  The reasoning behind extending Eleventh Amendment immunity to state agencies, departments, and employees acting in their official capacity is that suits against such parties are, in reality, suits against the state, seeking recovery of money from the state. **See Edelman v. Jordan**, 415 U.S. 651, 663 (1974) (citing **Ford Motor Co. v. Department of Treasury**, 323 U.S. 459, 464 (1945)). States can, however, waive their immunity to suit in federal court through explicit statutory waivers. **See Edelman**, 415 U.S. at 673.  While New Mexico has enacted a limited waiver of its sovereign immunity in the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 through 41-4-27, it has not waived its Eleventh Amendment immunity.  **See** N.M. Stat. Ann. § 41-4-4(F) (Eleventh Amendment immunity not waived). **See also** N.M. Stat. Ann. § 41-4-18(A) (exclusive original jurisdiction in state district courts).  Moreover, neither a State nor a state actor acting in his official capacity is a "person" subject to liability for monetary damages under 42 U. S. C. §1983. **Will v. Michigan**

**Dep't of State Police**, 491 U. S. 58 (1989).  Since the Defendants bringing the Motions to Dismiss are state officials and the Plaintiff is suing them only for "renumeration," Amended Complaint at 5, I find that Eleventh Amendment immunity applies and bars suit against those Defendants in their official capacities.

B.  Immunity and Suing State Officials in Their Individual Capacities

3.  An official when sued in his "individual capacity" is not cloaked in the State's Eleventh Amendment protection from suit, and can be a "person" liable under § 1983 for deprivation of federal rights. **Hafer v. Melo**, 502 U. S. 21 (1991). Thus, "the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under §1983." **Id**. at 30.  Defendants Valdez, Sand, and Rasmussen claim that prosecutorial immunity protects them from suit in their individual capacities.

4.  In **Imbler v. Pachtman**, 424 U.S. 409, 431 (1976), the Supreme Court held that a prosecutor enjoys absolute immunity from damages under §1983 when he "initiat[es] a prosecution and . . . present[ s] the State's case."  Here, the Plaintiff alleges that Defendant Valdez advocates women's rights, is related to Antonio Valdez who apparently is the twin of the Plaintiff's ex-girlfriend and was incarcerated in the same facility at the same time as the Plaintiff, and maliciously prosecuted the Plaintiff's case by being biased.  The Plaintiff fails to suggest how advocating women's rights adversely affected the prosecution of his criminal case.  Nor does the Plaintiff explain how being related to Antonio Valdez adversely affected his criminal case.  Even *pro se* litigants must have some minimal level of factual support for their claims.  **See Frazier v. DuBois**, 922 F.2d 560, 562 n.1 (10th Cir. 1990).  Notwithstanding the rule of liberal reading of *pro se* pleadings, such complaints must not be merely conclusory.  **See**

**id**. A *pro se* complaint may be dismissed when the "complaint lacks any legal or factual specificity which would allow [a court] reasonably to read the pleadings as stating a recognized claim." **Gregory v. United States**, 942 F.2d 1498, 1500 (10th Cir. 1991). Such is the situation with regard to Defendant Valdez. Additionally, it appears that the Plaintiff is complaining about actions Defendant Valdez took in prosecuting the Plaintiff's criminal case. Accordingly, prosecutorial immunity applies.

5. With respect to Defendants Sand and Rasmussen, the Plaintiff simply alleges that Defendant Sand was following orders from Defendant Valdez and that Defendant Rasmussen caused delay in the criminal trial by losing records. These actions were clearly taken in the course of prosecuting the criminal case. Consequently, Defendants Sand and Rasmussen are protected by prosecutorial immunity.

6. Defendants Perez and Encinias claim that judicial immunity protects them from suit in their individual capacities. Judicial immunity is an immunity from suit and not simply protection from the ultimate assessment of damages. **Mireles v. Waco**, 502 U.S. 9, 11 (1991 ) (per curiam). It is therefore an absolute immunity. **Wiggins v. New Mexico State Supreme Court Clerk**, 664 F.2d 812, 815 (10th Cir. 1981). Judicial immunity permits the courts the freedom to exercise their functions with independence and without fear of consequences even when, as here, a dissatisfied litigant seeks another forum to obtain relief from an adverse judgment. **Pierson v. Ray**, 386 U.S. 547, 554 (1967). Because most of what they do necessarily engenders controversy, judges are protected by absolute immunity for judicial acts unless their action is clearly beyond even colorable jurisdiction. **Cleavinger v. Saxner**, 474 U.S. 193, 199 (1985); **Dennis v. Sparks**, 449 U.S. 24, 27 (1980). This requires asking whether the challenged act was done by the judge acting

as a judicial officer, or whether it was simply a non-judicial act. **Forrester v. White**, 484 U.S. 219, 227 (1988).  The test thus focuses on the function that the challenged act serves and not merely on the title or identity of the actor. **Id**.

      7.  In this case, the Plaintiff alleges simply that Defendant Perez was biased based on gender. The Plaintiff does not support this allegation with any facts. The Plaintiff implies that this bias occurred while Defendant Perez executed her judicial duties in the Plaintiff's criminal case. Accordingly, I find that judicial immunity applies to Defendant Perez.  As to Defendant Encinias, the Plaintiff alleges that Defendant Encinias improperly allowed a student to testify as an expert witness.  This action clearly is one done in a judicial capacity and subject to absolute judicial immunity.  Defendant Encinias is, therefore, protected by judicial immunity.

C.  Conclusion

      8.  I find that this suit should be dismissed with prejudice as to Defendants Valdez, Sand, Rasmussen, Perez, and Encinias in their official capacities.  I also find that the claims against these Defendants in their individual capacities should be dismissed with prejudice.  Therefore, this case should be dismissed in its entirety as to Defendants Valdez, Sand, Rasmussen, Perez, and Encinias.

Recommended Disposition

I recommend granting Defendants Valdez, Sand, Rasmussen, Perez, and Encinias' Motions to Dismiss and dismissing this case with prejudice in its entirety as to those Defendants. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and

recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE