IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD JOHN NOLAN,

    Plaintiff,

vs.                                                         Civ. No. 98-374 BB/LCS

PABLO SEDILLO, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. This matter comes before the Court upon the Order to Show Cause, filed January 5, 1999 and Plaintiff's Motion to Serve Two Summons, filed February 4, 1999. The Order to Show Cause required the Plaintiff to show good cause for his failure to prosecute the case and serve Defendants Pablo Sedillo and CCA/Santa Fe Detention Center. The Plaintiff timely responded to the Order to Show Cause by filing various responses as well as the Motion to Serve Two Summons.

    2. Having reviewed the Plaintiff's responses, I find that Defendant Pat Valdez, who was served on July 22, 1998, has not pled or otherwise defended herself in this action. Accordingly, I recommend that default judgment be entered against her. *See* Fed. R. Civ. P. 55.

    3. With respect to the Plaintiff's failure to serve, I note that Fed. R. Civ. P. (4)(c)(1) states that "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)...." In this case, because the Plaintiff was authorized to proceed *in forma pauperis* the United States marshal attempted service upon Defendants Sedillo and

1

CCA/Santa Fe Detention Center, albeit unsuccessfully. However, as Fed. R. Civ. P. 4(c)(1) states the responsibility of service nonetheless falls with the Plaintiff. The Plaintiff has failed to provide the Court with any convincing reason to appoint the United States marshal to attempt service again on Defendants Sedillo and CCA/Santa Fe Detention Center. The Court refers the Plaintiff to Fed. R. Civ. P. 4(e) and (h) which describe how to effect service upon individuals as well as foreign corporations.[1] For the above reasons, I find that the Plaintiff's Motion to Serve Two Summons should be denied and Plaintiff has failed to give good cause for his failure to serve Defendants Sedillo and CCA/Santa Fe Detention Center. I, therefore, recommend that this action be dismissed without prejudice as to Defendants Sedillo and CCA/Santa Fe Detention Center.

4. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are fil

_____
Leslie C. Smith
United States Magistrate Judge

---

[1] The Court does not purport to make any finding regarding whether Defendant CCA/Santa Fe Detention Center is a foreign corporation or not.